

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 29, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Rodolfo Sablon*, 17 Cr. 503 (AJN)

Dear Judge Nathan:

    On July 17, 2018, the defendant in the above-captioned case pleaded guilty to one count of conspiring to commit securities fraud and tender offer fraud, in violation of Title 18, United States Code, Section 371. On April 15, 2019, the defendant was sentenced by this Court to six months' incarceration, to be followed by two years' supervised release. The defendant was released from the custody of the Bureau of Prisons on February 5, 2020. His term of supervision will expire in on February 4, 2022. The defendant has now moved before this Court for early termination of his term of supervised release. For the reasons set forth below, including the defendant's representation that the United States Probation Officer supervising the defendant in the Southern District of Florida does not oppose this request, the Government does not object to this request.

    Under Title 18, United States Code, Section 3583(e), a Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . .if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *Id.* (emphasis added). Early termination of supervised release — which is a revision of a previously-imposed sentence — is reserved for "new or unforeseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances — for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).").

    "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination." *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (denying motion for early termination) (internal citations omitted); *see also United States v. Gonzalez*, No. 94 Cr. 134 (JSR), 2015 U.S. Dist. LEXIS 104467, at *2 (S.D.N.Y. July 31, 2015) ("'[F]ull compliance with the terms

of supervised release is what is expected of [the defendant] . . . and does not warrant early termination.'") (quoting *United States v. Rasco*, No. 88 Cr. 817 (CSH), 2000 U.S. Dist. LEXIS 497, at *5 (S.D.N.Y. Jan. 19, 2000)); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); *United States v. Berrios*, No. 95 Cr. 84 (PKL), 2010 U.S. Dist. LEXIS 25494, at *6-7 (S.D.N.Y. Mar. 15, 2010) (denying early termination of supervised release for defendant where the court expressed pleasure with the defendant's "post-incarceration conduct…continued compliance with her terms of supervision, good attitude, and positive work ethic" but noted that the defendant had "done nothing more than what is expected of all criminal defendants") (internal quotation marks omitted); *United States v. Maguire*, No. 04 Cr. 269 (VM), 2008 U.S. Dist. LEXIS 106191, at *3 (S.D.N.Y. Dec. 22, 2008) ("General compliance with the original terms and conditions of supervised release does not suffice to justify early termination.").

The Government does not dispute that the defendant has contributed much to both his family and his community; indeed, it was in part on that basis that the Government did not oppose the imposition of a below Guidelines sentence at the time sentence was imposed in 2017. The Government further acknowledges that the actions the defendant has taken to contribute to his community, particularly to support its vulnerable members during the COVID-19 pandemic, go well beyond compliance with terms of supervised release. For example, over the course of the last 13 months, the defendant has: (a) begun an initiative to identify youth in need of emergency services during COVD-19; (b) provided crisis management to youth in foster care who have suffered from adverse childhood experiences; (c) led a community event to strengthen community and law enforcement relationships; and (d) created a transition to adulthood program for the community center with which he is associated. While it is the rare case where the Government would not oppose early termination, the Government is persuaded that this case may present the type of exceptionally good behavior that would cause the Court to grant early termination. This Government's position is also guided by the fact that the Probation Officer does not oppose this request.

Accordingly, for the reasons set forth above, the Government does not oppose the defendant's motion for the early termination of supervised release.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: ___/s_____
Andrea M. Griswold
Assistant United States Attorney
Tel.: (212) 637-1205